UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-10021-CR-MARTINEZ

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ANDRES GEOVANNY ZAMBRANO GARCIA

        Defendant.

_____/

## AMENDED REPORT AND RECOMMENDATION

This cause is before the Court on the CJA Voucher 113C.0001141 submitted by Mario Cano, counsel for Defendant Andres Geovanny Zambrano Garcia, which was referred (ECF No. 92) to United States Magistrate Judge Lurana S. Snow for a determination of the appropriateness of the voucher.  The total claimed by counsel, **as adjusted, is $12,330.69** which exceeds the $10,000.00 maximum which cannot be paid to counsel without approval from the Eleventh Circuit Court of Appeals.  A hearing was held on the voucher on March 14, 2017.

The applicable guidelines are set forth in the Guide to Judiciary Policy, Vol. 7, Part A, Chapter 2, § 230.23.40.  Subsection(a) of that provision authorizes payments in excess of CJA compensation maximums in cases involving extended or complex representation when so certified by the court or a U.S. magistrate judge and approved by the chief judge of the circuit (or his or her delegate).

Subsection (b) states that a case is "complex" if "the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would

normally required in an average case."  A case is "extended" if "more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings."

Subsection (c) sets forth the factors which the approving judicial officer may consider when determining if excess payment is necessary to provide fair compensation: (1) the responsibilities measured by the magnitude and importance of the case; (2) the manner in which duties were performed; (3) the knowledge, skill efficiency, professionalism, and judgment required of and used by counsel; (4) the nature of counsel's practice and injury thereto; (5) any extraordinary pressure of time or other factors under which services were rendered, and (6) any other circumstances relevant and material to a determination of a fair and reasonable fee.

The undersigned notes that $7,494.90 of amount claimed in the instant voucher was for travel time and $798.44 was for travel expenses **adjusted to $798.09**, since counsel was required to travel from Miami to Key West, where this case was filed.  Once these amounts are subtracted from the total claimed, the voucher is nearly $6,000.00 below the "cap."  As to the legal work performed on the case, the voucher reflects: 1 hour for arraignment and plea, .2 hour for sentencing, .7 hour for other matters, 18.10 hours for interviews and conferences, 3.6 hours for obtaining and reviewing records and 7.7 hours for legal research.

At the hearing, counsel explained that this drug case involved multiple meetings with the Defendant to review, in Spanish, discovery materials and the plea agreement. The undersigned finds that the hours expended by counsel for legal work and travel time were reasonable. Based on the expenses generated by travel to Key West and the need to review discovery with the Defendant and prepare for trial, this case qualifies as "extended."

**CONCLUSION**

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the CJA Voucher 113C.0001141 in the amount of $12,330.69, submitted by Mario Cano, Esquire, be approved based on the extended nature of the case.

Counsel for the Defendant will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 24th day of March, 2017.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

Mario Cano, Esq.

CJA Administrator (MIA)